UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OSCAR LENTON, SR.,
    Petitioner,

vs.                                          Case No.:  4:21cv160/TKW/EMT

UNITED STATES OF AMERICA,
    Respondent.
_____/

## **ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 3).  No objections were filed.  Upon due consideration of the Report and Recommendation and the case file, the Court agrees with the magistrate judge's recommended disposition of this case.

The petition probably should have been filed under 28 U.S.C. §2255,[1] not §2241, because it challenges the legality of Petitioner's sentence, not the execution of the sentence, *see Reed v. Warden*, 600 F. App'x 687, 690 (11th Cir. 2015), and the petition is probably subject to dismissal because it will be difficult for Petitioner

---

[1] The petition likely was not filed under §2255 because Petitioner previously filed a §2255 motion that was denied on the merits, *see United States v. Lenton*, Case No. 4:02cr26, ECF No. 115 (N.D. Fla. Feb. 21, 2008), *report and recommendation adopted* 2008 WL 686956 (N.D. Fla. Mar. 13, 2008), *certificate of appealability denied* Case No. 08-11429 (11th Cir. June 27, 2018), and Petitioner has not received authorization from the Eleventh Circuit to file a second or successive motion pursuant to §2255(h).

to show that §2255 was an "inadequate or ineffective" remedy for the *Brady* issue raised in the petition, *see* 28 U.S.C. §2255(e); *Reed*, 600 F. App'x at 690 ("In order to proceed under §2241, [the petitioner] needed to show that §2255 was 'inadequate or ineffective' to challenge the legality of his detention."); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017) ("A motion to vacate [under §2255] is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim."). However, because Petitioner expressly invoked §2241, the Court cannot treat the petition as having been filed under §2255 and instead must transfer the petition to the district of confinement for appropriate disposition. *See Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012); *Holt v. Warden*, 2012 WL 1166381, at *1 (N.D. Fla. Apr. 6, 2012) (explaining that because sentencing court does not have jurisdiction over §2241 petition filed by prisoner who is confined in another district, the sentencing court does not have the authority to determine whether the prisoner had an adequate or effective remedy under §2255).

Petitioner is confined in South Carolina, so jurisdiction over his nominal §2241 petition lies solely in the District of South Carolina. *See Rumsfeld v. Padilla*,

542, U.S. 426, 443 (2004); *Garcia*, 470 F. App'x at 735. Accordingly, because this Court lacks jurisdiction, it is

**ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Clerk shall transfer this case to the United States District Court for the District of South Carolina and close the file in this court.

**DONE and ORDERED** this 20th day of May, 2021.

*T. Kent Wetherell, II*
    **T. KENT WETHERELL, II**
    **UNITED STATES DISTRICT JUDGE**

Case No.: 4:21cv160/TKW/EMT