IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Oscar Lenton, Sr., | ) | C/A No. 0:21-1513-DCN-PJG |
| Petitioner, | ) ) ) | |
| v. | ) ) | **ORDER AND REPORT AND RECOMMENDATION** |
| United States of America, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner Oscar Lenton, Sr., a self-represented federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The action is filed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

I.  **Factual and Procedural Background**

Petitioner is an inmate at the Federal Correctional Institution in Edgefield, South Carolina. Petitioner was convicted in the United States District Court for the Northern District of Florida of drugs and firearms offenses and sentenced to an aggregate term of 360 months' imprisonment in 2003. Case No. 4:02-cr-26. The United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentences in 2003. Petitioner filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 that was denied by the sentencing court in 2008. The sentencing court similarly denied his motions to reduce his sentence in 2009 and 2020. Petitioner also previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this

---

[1] Petitioner's motion for leave to proceed *in forma pauperis* is granted. (ECF No. 11.)

court in 2018 that was summarily dismissed for lack of subject matter jurisdiction. C/A No. 0:18-cv-1836.

In April 2021, Petitioner filed the instant matter—another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241—in the Northern District of Florida. Petitioner argues that the Government failed to produce a portion of a tape purportedly showing that someone other than Petitioner committed a drug offense of which Petitioner was convicted. Petitioner argues that the Government's failure to disclose exculpatory evidence violated his right to due process under the Fourteenth Amendment pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Thus, Petitioner argues, there is no factual basis to support his conviction for possession with intent to distribute cocaine base, and his conviction should be vacated. The Northern District of Florida *sua sponte* transferred the case to this court, finding jurisdiction is proper in this court because Petitioner is housed in South Carolina.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: .Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

This court is required to liberally construe *pro se* pleadings, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

A petitioner cannot challenge his federal conviction and sentence through § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (providing that if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas petition for lack of jurisdiction). The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's conviction:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (2000); see also United States v. Wheeler, 886 F.3d 415, 427 (4th Cir. 2018).

In this case, Petitioner does not even allege that a change in the law rendered his conviction unlawful. Rather, he seeks to raise an argument based on new facts that he did not previously

present to the sentencing court. Therefore, Petitioner fails to show that a § 2255 motion is inadequate or ineffective to test the legality of his conviction under the In re Jones test. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion.") (internal citations omitted).

Because Petitioner is foreclosed from bringing a § 2241 habeas petition in this court to challenge his sentence, Petitioner's remedy, if any, appears to be to seek permission to file a § 2255 motion in the court in which he was sentenced by filing a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Eleventh Circuit. See 28 U.S.C. § 2255(h)(1). Therefore, this case should be dismissed because this court lacks jurisdiction over the Petition. See Wheeler, 886 F.3d at 426 (holding that the failure to meet the requirements of the savings clause is a jurisdictional defect that may not be waived).

### III. Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
June 22, 2021  Paige J. Gossett
Columbia, South Carolina  UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).